UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANA MARIA RODRIGUEZ,

    Plaintiff,

v.                                      CASE NO. 8:25-cv-2503-MSS-SPF

CITY OF PORT RICHEY,
OFFICER KENNETH KORCHAK,
in his official capacity, and CAPTAIN
MICHAEL KOCH, in his official capacity,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Long Form), construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1) and her request to proceed *in forma pauperis* (Doc. 2), the Court recommends that Plaintiff's motion be denied and the Complaint dismissed.

    **I.    BACKGROUND**

Plaintiff initiated this case with a Form Pro Se 15, Complaint for Violation of Civil Rights (Doc. 1). Plaintiff purports to sue the City of Port Richey and City of Port Richey Police Officer Kenneth Korchak and Police Captain Michael Koch in their official capacities under 42 U.S.C. § 1983 for violating Plaintiff's First and Fourth Amendment rights during and after a September 18, 2021 custodial stop.

Plaintiff alleges that Officer Korchak "illegally detained me while on patrol without reasonable suspicion. Without any warning, Ofc Korchak proceeded to apply excessive force by throwing me to the ground and placing me in handcuffs." (*Id*. at 4). Specifically, Plaintiff alleges she was legally parked outside a church in the City of Port Richey, using an outlet on the exterior of the church building to charge her phone, when Officer Korchak "abruptly awoke me, accused me of trespassing, and demanded I give him my ID." (*Id*.). Plaintiff declined. She was outside of her car, and as Plaintiff turned to gather her belongings and leave, Officer Korchak "grabbed my shoulders, I believe he tripped me from behind, because I was flying backwards in mid-air, before breaking my fall by nearly completing a backwards roll." (*Id*.). At an unspecified time later, when Plaintiff complained about her treatment, Captain Koch "denied me of my right to address my grievances, and instead intimidated me by informing me that I was lucky to not have been thrown in jail on several criminal charges." (*Id*. at 7). He "firmly hand[ed] me a complaint form, copies of the mentioned criminal charges, and left me standing; speechless." (*Id*).

After the incident, Plaintiff's back was sore for "several weeks," her "mental health diagnoses worsened from Korchak committing violent excessive force against me," and her "outlook on life seems gloomy." (*Id*. at 5). Her PTSD from the incident keeps her "[e]ver so hyper vigilant, especially when sighting law enforcement." (*Id*.). Plaintiff seeks $725,000 in emotional distress damages and $725,000 in punitive damages (*Id*.).

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."); *Azar v. Nat'l City Bank,* 382 F. App'x 880, 884 (11th Cir. 2010).

The pleadings of a *pro se* litigant are held to a less stringent standard than those drafted by an attorney and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a district court determines from the face of the complaint that the factual allegations are baseless or the legal theories are without merit, the court may conclude a

3

case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 10(b) further provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

### III.   ANALYSIS

According to Plaintiff's *in forma pauperis* motion, she does not work and receives $957.00 in monthly disability benefits (Doc. 2 at 2). Plaintiff has $312.00 in the bank and no other assets except her 2012 Toyota Prius, which she lives in (*Id*. at 2-3). Plaintiff has demonstrated she cannot pay the filing fee and is financially eligible to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1). Nonetheless, the undersigned recommends Plaintiff's complaint be dismissed because it fails to state a claim.

Plaintiff purports to sue the City of Port Richey and Officer Korchek and Captain Koch in their official capacities under 42 U.S.C. § 1983 for violating her constitutional rights. Section 1983 creates no substantive rights; it merely provides a remedy. To state a claim under § 1983, Plaintiff must allege that some person, acting under color of state law, deprived her of "rights, privileges, or immunities secured by the Constitution and

Laws of the United States." 42 U.S.C. § 1983; *see Bannum, Inc. v. City of Ft. Lauderdale,* 901 F.2d 989, 996–97 (11th Cir. 1990).

Plaintiff's § 1983 claims against the officers are redundant of her claim against the city and therefore should be dismissed. When an officer is sued under § 1983 in his or her official capacity, the suit is simply "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Plaintiff sues the City of Port Richey as well as Officer Korchek and Captain Koch in their official capacities; her claims against the officers are due to be dismissed as redundant to her claim against the City.

Plaintiff's claim against the City of Port Richey should also be dismissed. Under § 1983, there is no *respondeat superior* liability. *Id.*; *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). A municipality may only be held liable for its own acts; that is, acts the local government body has officially sanctioned or ordered. *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986). To impose § 1983 liability on a municipality, a plaintiff must show (1) that her constitutional rights were violated, (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right, and (3) that the policy or custom caused the violation. *McDowell*, 392 F.3d at 1289. To establish a policy or custom, a plaintiff must show a "persistent and widespread practice," and "actual or constructive knowledge of such customs must be attributed to a governing body of the municipality." *Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir. 1999). Absent

policymaking authority, a single incident of misconduct by an individual fails to establish a policy or custom on the part of a municipality under § 1983. *Oklahoma City v. Tuttle*, 471 U.S. 808, 821 (1985); *Gilmere v. Atlanta*, 737 F.2d 894, 902 (11th Cir.1984).

Here, Plaintiff does not allege "actual or constructive knowledge ... attributed to a governing body of the municipality," *Wayne*, 197 F.3d at 1105, nor does she reference any incident establishing the City of Port Richey's offending policy or custom beyond her one-time custodial stop. It appears all the events she details in her Complaint occurred on September 18, 2021, and are related to a single incident of misconduct. Accordingly, Plaintiff fails to state a claim for relief under § 1983 against Defendants.

Additionally, Plaintiff references 18 U.S.C. § 242 as the basis of her § 1983 claim (Doc. 1 at 3). Title 18 U.S.C. Section 242 imposes criminal penalties for civil rights violations. It is a criminal statute; to the extent Plaintiff attempts to enforce it, she lacks standing. *See Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 295 (11th Cir. 2007) ("Williams has no standing to invoke § 1113 because it is a criminal statute . . . ."); *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.") (citation omitted); *see also Azam v. Ruzicka and Wallace LLP*, No. SACV 14-226-JLS (RNB), 2015 WL 13918078, at *3 (C.D. Cal. Sept. 10, 2015) ("Because 18 U.S.C. § 157 is a criminal statute with no private cause of action, Azam is unable to enforce this statute.").

The undersigned recommends that Plaintiff's complaint be dismissed without prejudice and that Plaintiff be allowed to file an amended complaint, which should set forth the basis for the Court's jurisdiction and the factual allegations establishing a claim

for relief in this forum. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.").

Accordingly, it is hereby **RECOMMENDED:**

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**.

2. Plaintiff's Complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

**IT IS SO REPORTED** in Tampa, Florida, on October 23, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.